The CITY OF NEW YORK, Plaintiff,

v.

A–1 JEWELRY & PAWN, INC.; Adventure Outdoors, Inc.; Cole's Gun Shop, Inc.; Dunkelberger's Sports Outfitters; Gallery Distributing Inc.; Greg L. Driggers d/b/a AAA Gun & Pawn Brokers; the Gun Store, Inc.; Harold W. Babcock, Jr. d/b/a Webb's Sporting Goods; James Thomas Farmer d/b/a Jim's Guns and Whatever; Mickalis Pawn Shop, LLC; Nancy Dailey d/b/a Peddler's Post; Old Dominion Guns & Tackle, Inc.; Patriot Services, Inc.; Welsh Pawn Shop, Inc. d/b/a Big Tom's Pawn Shop; Woodrow C. Holman III d/b/a Woody's Pawn Shop, Defendants.

No. 06–CV–2233.

United States District Court, E.D. New York.

May 21, 2008.

Eric Proshansky, Gail P. Rubin, Corporation Counsel of the City of NY, Ari Biernoff, New York City Law Department, Affirmative Litigation Division, Bryan Robert Dunlap, James Gardner Wheaton, Kenneth William Taber, Sangita A. Shah, Pillsbury Winthrop Shaw Pittman LLP, Melanie C.T. Ash, Richard J. Costa, New York City Law Department, New York, NY, for Plaintiff.

John F. Renzulli, Joseph John Burruano, Scott Charles Allan, Renzulli Law Firm LLP, White Plains, NY, Christopher Renzulli, Renzulli Law Firm, LLP, New York, NY, for Defendants.

### MEMORANDUM & ORDER

JACK B. WEINSTEIN, Senior District Judge.

## I. Introduction

Defendant Adventure Outdoors, Inc. ("Adventure"), the only defendant remaining in this lawsuit, moves for summary judgment on three grounds: (1) personal jurisdiction over the defendant cannot be exercised by this court; (2) the plaintiff has failed to raise a genuine issue of material fact that defendant proximately caused a public nuisance in the City of New York; and (3) the suit must be dismissed pursuant to the Protection of Lawful Commerce in Arms Act ("PLCAA"), 15 U.S.C. § 7901–02. Summary judgment is denied.

## II. Personal Jurisdiction

■ Adventure's motions to dismiss the original complaint and the amended complaint for lack of personal jurisdiction have been rejected. *See City of New York v. A–1 Jewelry & Pawn, Inc.*, 501 F.Supp.2d 369, 398–404 (E.D.N.Y.2007) (*"A–1 Jewelry I"*) (original complaint), *reconsideration denied*, No. 06–CV–2233, 2007 WL 4557311, 2007 U.S. Dist. LEXIS 93967 (E.D.N.Y. Sept. 27, 2007); *City of New York v. A–1 Jewelry & Pawn, Inc.*, 247 F.R.D. 296, 308–10 (E.D.N.Y.2007) (*"A–1 Jewelry II"*) (amended complaint).

Extensive discovery since then has suggested that at least forty-one additional guns sold by Adventure between 2000 and 2007 may have been recovered in connection with crimes in New York City. In addition, there is information that two guns sold by Adventure prior to 2000 were recovered in connection with crimes in 2003 and 2004, and three more were transferred by the original purchaser to another person and were destined for the New York City illegal gun market. This represents a total of seventy-two guns sold by Adventure, compared to twenty-six guns considered when Adventure's earlier motions to dismiss were denied in *A–1 Jewelry I* and *A–1 Jewelry II*. Discovery of these additional guns has allegedly shortened the time-to-crime for guns sold by Adventure from 3.5 to 2.18 years. *See A–1 Jewelry I*, 501 F.Supp.2d at 378–79, 401–02 (describing the importance of time-to-crime and Adventure's time-to-crime average).

No reason to modify the analysis set forth in *A–1 Jewelry I* and *A–1 Jewelry II* has

been provided. Evidence allegedly obtained by the City of New York since the denial of Adventure's motions to dismiss demonstrates a stronger basis for exercising personal jurisdiction over this defendant. Adventure's motion for summary judgment on lack of personal jurisdiction is denied.

### III. Public Nuisance

■ Adventure's and other defendants' motion to dismiss for failure to state a claim of public nuisance has previously been rejected. *See A–1 Jewelry II*, 247 F.R.D. at 342–50. Unconvincing is Adventure's argument that the grant of summary judgment in favor of a gun-retailer in *Smith v. Atlantic Gun & Tackle, Inc.*, 376 F.Supp.2d 291(E.D.N.Y.2005) should bar the instant suit. Summary judgment in *Smith* was granted because an individual-plaintiff could not establish particular danger to himself from the alleged nuisance prior to the killing at a Wendy's food store by a gun. *See Smith*, 376 F.Supp.2d at 292; *see also Johnson v. Bryco Arms*, 304 F.Supp.2d 383, 392 (E.D.N.Y.2004) ("A private plaintiff does not have standing to bring a public nuisance cause of action unless he or she shows some harm different from that suffered by the public generally."). A municipal corporation seeking to "protect the safety of an entire community" is not subject to the *Smith* decision. *See A–1 Jewelry I*, 501 F.Supp.2d at 425.

A genuine issue of material fact exists as to whether a public nuisance exists in New York City and whether Adventure may be held responsible for this nuisance. *See A–1 Jewelry II*, 247 F.R.D. at 342–50. Summary judgment is denied. *See* Fed.R.Civ.P. 56.

### IV. PLCAA

■ A similar motion to dismiss on the ground that a lawsuit is prohibited by the PLCAA, 15 U.S.C. § 7902 previously has been denied. *See A–1 Jewelry II*, 247 F.R.D. at 349–54. The recent decision of the Court of Appeals for the Second Circuit in *City of New York v. Beretta U.S.A. Corp.*, 524 F.3d 384, (2d Cir.2008), based on alleged violation of a *state general law* is irrelevant. As noted in *A–1 Jewelry II*, there are alleged in the instant action substantial violations of *specific federal laws* applicable to the sale and marketing of firearms which allegedly proximately cause harm to the City of New York. *See A–1 Jewelry II*, 247 F.R.D. at 349–54. Defendant's motion for summary judgment on the ground that the action is barred by the PLCAA is denied.

### V. Conclusion

Summary judgment for defendant is denied. Genuine issues of material facts exist requiring a trial. Trial shall commence on May 27, 2008 by selection of a jury. *See* Transcript of Hearing on May 21, 2008.

SO ORDERED.